UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/25/2020
```

PAUL BRAITHWAITE and ANTHONY GORDON,

                              Plaintiffs,

    -v-

SHAUN FRANCOIS, *as President of New York City Board of Education Employees Local 372, American Federation of State, County and Municipal Employees*, and YVETTE ELLIOTT, *or her successor in office, as Chairperson of the Election Committee of the New York City Board of Education Employees Local 372, American Federation of State, County and Municipal Employees*,

                              Defendants.

No. 20-cv-7734 (MKV)
ORDER GRANTING
MOTION TO REMAND

MARY KAY VYSKOCIL, District Judge:

      Before the Court is the plaintiffs' motion to remand this case to the New York Supreme Court [ECF #4]. The Court assumes familiarity with the background facts and procedural history. The plaintiffs are members of Local 372, a union that represents non-teacher and non-security employees of the New York City Department of Education. They are running for president and vice president in an upcoming union election. They filed an action in the New York Supreme Court alleging that an upcoming election would violate the union's constitution [ECF #5-1]. The defendants removed on the ground that the plaintiffs' action implicates federal law [ECF #1]. Specifically, they argued that Labor Management Reporting and Disclosure Act ("LMRDA") governs union elections and provides the exclusive remedy for challenging such elections [ECF #1, 13].

1

As a general rule, "a case will not be removable if the complaint does not affirmatively allege a federal claim." *Citigroup, Inc. v. Wachovia Corp.*, 613 F. Supp. 2d 485, 489–90 (S.D.N.Y. 2009) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)); *see also id.* ("[T]he plaintiff is the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). A federal law defense is not a basis for removal. *Id.* In particular, "a defense that relies on . . . the preemptive effect of a federal statute" generally "will not provide a basis for removal." *Beneficial Nat'l Bank*, 539 U.S. at 6.

Although there is an exception "when a federal statute wholly displaces the state-law cause of action through complete preemption," *id*. at 8, that exception does not apply here. To determine whether the complete preemption exception applies, a court must (1) look to whether the federal statute provides "the exclusive cause of action for the claim asserted and also set[s] forth procedures and remedies governing that cause of action" and (2) determine whether Congress intended such causes of action to be treated as "arising under the laws of the United States." *Id*.

Although the defendants argue that the LMRDA provides the exclusive cause of action for any election-related challenge, that is not what the statute says. It states: "Existing rights and remedies to enforce the constitution and bylaws of a labor organization with respect to elections prior to the conduct thereof shall not be affected by the provisions of this subchapter. The remedy provided by this subchapter for challenging an election already conducted shall be exclusive." 29 U.S.C. § 483.

Neither the Supreme Court, nor the Second Circuit has ever held that the LMRDA completely preempts state law. At least one court in this district has found complete preemption supporting removal for a "post-election" challenge. *Calciano v. United Bhd. of Carpenters &*

2

*Joiners of America*, No. 92-cv-5715 (TPG), 1993 WL 138827, at *2 (S.D.N.Y. Apr. 23, 1993) (denying a motion to remand, holding that there was "a valid ground of federal jurisdiction" because § 483 provided the exclusive remedy "for challenging an election already conducted"). Other courts have taken pains to distinguish post-election challenges from challenges prior to an election, as well as challenges to election-related conduct. *See Murray v. Amalgamated Transit Union*, 206 F. Supp. 3d 202, 208 (D.D.C.), *amended in part*, 220 F. Supp. 3d 72 (D.D.C. 2016), and aff'd, 719 F. App'x 5 (D.C. Cir. 2018); *Ross v. International Brotherhood of Electrical Workers*, 513 F.2d 840 (9th Cir. 1975); *Beiso v. Robilotta*, N.Y.S.2d 504, 506-07, 47 LRRM 2590 (Sup. Ct. N.Y. 1960).

Because the plain text of the statute preserves state law challenges "prior to" an election, and the Local 372 election at issue was not "already conducted," 29 U.S.C. § 483, the Court has no basis to conclude that Congress intended to treat the plaintiffs' claims as arising under federal law. Accordingly, the plaintiffs' motion to remand [ECF #4] is GRANTED. The Clerk of Court is respectfully directed to remand this case back to the New York Supreme Court and then close this case.

**SO ORDERED.**

Date:  September 25, 2020
      New York, NY

                              **MARY KAY VYSKOCIL**
                              **United States District Judge**